# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 18, 2000 Session

## STATE OF TENNESSEE v. MARCUS MORROW

**Direct Appeal from the Circuit Court for Maury County**
**No. 10892     Jim T. Hamilton, Judge**

---

**No. M1999-00769-CCA-R3-CD - Filed February 1, 2001**

---

The appellant, the State of Tennessee, appeals the order of the Maury County Circuit Court permitting the appellee, Marcus Morrow, to participate in a work release program during his forty-five-day incarceration for driving under the influence of an intoxicant (DUI), second offense. Following a review of the record and the parties' briefs, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, Mike Bottoms, District Attorney General, and Larry Nickell, Assistant District Attorney General for the appellant, the State of Tennessee.

Christopher L. Dunn, Columbia, Tennessee, for the appellee, Marcus Morrow.

## OPINION

### I.  Factual Background

On July 21, 1999, the appellee, Marcus Morrow, was convicted in the Maury County Circuit Court of driving under the influence of an intoxicant (DUI), second offense, and sentenced to eleven (11) months and twenty-nine (29) days incarceration in the Maury County Jail.  The court required the appellee to serve forty-five (45) days of his sentence in confinement in accordance with Tenn. Code Ann. § 55-10-403(a)(1) (1998) and placed the appellee on probation thereafter.

On September 13, 1999, approximately two months after his conviction, the appellee filed a motion with the trial court asking that the court permit him, pursuant to Tenn. Code Ann. § 41-2-128 (1997), to participate in a work release program during his forty-five-day confinement.  On September 14, 1999, the trial court conducted a hearing on the appellee's motion.  At the hearing, the State opposed the motion on the ground that Tenn. Code Ann. § 41-2-128 does not authorize the

circuit court to grant the appellee work release. Following the hearing, on September 29, 1999, the court nevertheless granted the appellee's motion.

## II. Issue

On appeal, as in the trial court, the State argues that a circuit court does not possess authority under Tenn. Code Ann. § 41-2-128 to grant work release to those convicted of DUI, second offense, prior to the expiration of the minimum period of confinement.

## III. Analysis

Chapter 2, Title 41 of the Tennessee Code authorizes the establishment of county workhouses and sets forth the conditions under which a county must operate the workhouse. Moreover, Tenn. Code Ann. § 41-2-127 (1997) authorizes counties to permit the release of prisoners from workhouses or jails "during reasonable and necessary hours for occupational, scholastic or medical purposes as provided in §§ 41-2-127 - 41-2-132." Tenn. Code Ann. § 41-2-128(a), in turn, provides that

> [w]henever any person has been sentenced to undergo imprisonment in a county workhouse, hereafter referred to as "workhouse," for the commission of a crime defined as a misdemeanor by the laws of the state of Tennessee, the county board of commissioners, if such there be, otherwise the court of general sessions, upon application made therefor by the warden, superintendent, prison keeper or other administrative head of a workhouse, may by order direct the warden, superintendent, prison keeper or other administrative head of a workhouse to permit the prisoner to leave the workhouse during necessary and reasonable hours for the purpose of working at the prisoner's employment . . . . Similarly, the court of general sessions may, upon application of the sheriff, enter a like order for the same purpose for jail prisoners. The order may be rescinded or modified at any time with or without notice to the prisoner.

In other words, once a defendant has been convicted of a misdemeanor offense and has been sentenced to incarceration in the workhouse or jail, the administrative head of the workhouse or the sheriff may apply for work release on behalf of the prisoner to a county board of commissioners, if such a board exists, or the court of general sessions.

Subsection (c)(1) of Tenn. Code Ann. § 41-2-128 further states that, if certain conditions have been satisfied and "[n]otwithstanding the provisions of this section . . . [or] § 55-10-403(a)(1) . . . to the contrary, the judge may sentence persons convicted of a second violation of [the statute proscribing the offense of DUI] . . . to the work release program." On appeal, the State asserts that the term "judge" in subsection (c)(1) is circumscribed by subsection (a) to include only general sessions court judges.

We conclude that our resolution of this case must be guided by this court's recent decisions in State v. Byrd, No. E1999-01483-CCA-R3-CD, 2000 WL 1468793, at *3 (Tenn. Crim.

App. at Knoxville, October 3, 2000), and <u>State v. Steen</u>, No. E1999-02669-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App. at Knoxville, September 1, 2000). In <u>Byrd</u>, No. E1999-01483-CCA-R3-CD, 2000 WL 1468793, at *3 (citing <u>Steen</u>, No. E1999-02669-CCA-R3-CD, slip op. at 2-3), we observed that

> (1) a DUI second offense defendant sentenced to the county "jail," as opposed to the county "workhouse," by the "criminal court" judge, as opposed to the "general sessions" judge, is ineligible for work release during the minimum period of incarceration under [Tenn. Code Ann.] § 41-2-128, particularly where the record reveals no "application" by the sheriff for work release for the defendant; and (2) no other statutory provisions provide eligibility for work release for DUI second offenders during the minimum mandatory period of incarceration.

Again, the appellee in this case was convicted of DUI, second offense, and was sentenced to the county jail, as opposed to the county workhouse, by the Maury County Circuit Court, as opposed to a general sessions court. Moreover, the record reveals no application by the sheriff for work release.[1] Under these circumstances, the appellee is ineligible for work release.

## IV.  Conclusion

For the foregoing reasons, we reverse the order of the trial court granting the appellee work release.

_____
NORMA McGEE OGLE, JUDGE

---

[1] At the September 14, 1999, hearing, appellee's counsel did note that the sheriff did not oppose the appellee's motion.